IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KLAMATH SISKIYOU WILDLANDS
CENTER, et al.,

                Plaintiffs,          Civil No. 05-3094-CO

      v.                            ORDER

UNITED STATES BUREAU OF
LAND MANAGEMENT,

                Defendant.

Panner, District Court Judge:

    Plaintiffs Klamath Siskiyou Wildlands Center, Umpqua Watersheds, and Cascadia Wildlands Project (Plaintiffs) bring this action against the Bureau of Land Management (BLM) alleging five claims for relief. Plaintiffs' first claim alleges that the BLM's Environmental Assessment (EA) for the Willy Slide timber sale (WSTS) violates the National Environmental Policy Act (NEPA), 42 U.S.C. §4321 et seq., by: A) failing to disclose and analyze the direct, indirect, and cumulative impacts of the WSTS on red tree voles (RTVs), other threatened and candidate

wildlife species, water, and fire hazard; and B) failing to consider a reasonable range of alternatives. Plaintiffs' second claim alleges that BLM, in the EA for the WSTS, failed to disclose the substantive requirements of the Medford District Resource Management Plan (RMP) or the basis for its analysis of impacts to the Elk Management Area (EMA) in violation of NEPA. Plaintiffs' third claim for relief alleges that the BLM's 2002 and 2003 Annual Species Review (ASR) decisions, re-categorizing and removing Survey and Manage (S&M) protections for the RTV without completing an EA or an Environmental Impact Statement (EIS), are arbitrary and capricious and not in accordance with NEPA. Plaintiffs' fourth claim alleges that the BLM's decision for the WSTS fails to comply with the RMP's management direction for EMAs, in violation of the Federal Lands Policy and Management Act (FLPMA), 43 U.S.C. §1701 et seq.. Plaintiffs' fifth claim alleges that the BLM's decision on the WSTS fails to comply with the 2001 Record of Decision (ROD) S&M requirements in violation of FLPMA.

Plaintiffs seek declaratory and injunctive relief under FLPMA, NEPA, and pursuant to the judicial review provisions of the Administrative Procedures Act (APA), 5 U.S.C. §701 et seq.. Plaintiffs seek: 1) a declaration that the BLM's decision to proceed with the WSTS is arbitrary, capricious, an abuse of discretion, and not in accordance with NEPA; 2) a declaration that the WSTS violates the Medford RMP and the Northwest Forest

Plan (NWFP); 3) an injunction enjoining the BLM from proceeding with the WSTS until the BLM demonstrates compliance with NEPA, FLPMA, the Medford RMP, and the NWFP; and 4) costs, expenses, expert witness fees, and attorneys' fees.

The parties filed cross motions for summary judgment (#20 and #29). Magistrate Judge Cooney issued a Findings and Recommendation (#48), and the parties filed objections to the Findings and Recommendation (#49 and #63). Defendant now moves to dismiss plaintiffs' complaint without prejudice for lack of subject matter jurisdiction (#51).

## I.  FACTS

The following paragraphs paraphrase relevant portions of plaintiffs' complaint allegations, facts contained in the exhibits attached to Ms. Li's declaration, facts in plaintiffs' Exhibit A, and facts in the court record:

In July 2004, the BLM released an EA for the WSTS. (Complaint ¶34). In May 2005, the BLM released a second EA for the WSTS and a FONSI. (Id.). Plaintiffs filed this action challenging the WSTS on October 21, 2005. (Docket #1).

The parties filed cross motions for summary judgement (#20 and #29). Before the court issued a Findings and Recommendation, the Ninth Circuit issued a decision in Klamath Siskiyou Wildlands, et al.  v. Boody, 468 F.3d 549, 562 (9th Cir. 2006), holding that the 2001 and 2003 ASR decisions were invalid as they violated NEPA.

On November 7, 2006, the court held a status hearing to discuss the impact of the Boody decision on this case. (Docket #48). On that same day, the BLM issued a decision vacating its previous decision denying plaintiffs' administrative protest and granting plaintiffs' protest. (Li Decl. Exhibit A at 2). The letter informed plaintiffs that the BLM was holding the award of the WSTS until such time as supplemental analysis and decision-making could be completed, the BLM could address the plaintiffs' protest points, and the BLM could evaluate appropriate action, including whether to proceed with the sale. (Id.).

On November 7, 2006, the court issued a Findings and Recommendation finding that the WSTS decision was invalid, because it applied the ASRs and failed to apply the 2001 S&M Guidelines in violation of NEPA, relying upon the Ninth Circuit's decision in Boody,. (Docket #48 - Findings and Recommendation at 37-38). The court declined to reach plaintiffs' remaining claims, finding that the need to comply with the 2001 S&M Guidelines could have far reaching impacts effecting the WSTS project. (Id. at 38).

On November 17, 2006, the BLM sent a second letter to plaintiffs clarifying that its earlier decision to grant plaintiffs' protest also meant that the BLM was withdrawing the Decision and FONSI for the WSTS. (Li Decl. Exhibit B at 1). The BLM informed plaintiffs that: it was reconsidering its decision to implement the WSTS based on additional analysis of

the environmental effects of the proposed timber harvest; it would be conducting additional environmental analysis and would reconsider the project in light of the present information and resource conditions; the public would be given an opportunity to comment on the additional analysis and decision-making; if a decision was made to proceed with the project, a new notice of decision would be issued; the sale would not be awarded until such time as additional environmental analysis and decision-making with public participation and administrative review was completed. (Id.).

On November 21, 2006, the BLM filed a motion to dismiss this case without prejudice (#51).   The court granted plaintiffs' motion to conduct limited discovery in order to respond to the motion (#57).

## II.  <u>LEGAL STANDARDS</u>

The court presumes lack of subject matter jurisdiction until the plaintiff proves otherwise in response to a defendant's Rule 12(b)(1) motion.   <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 US 375, 377 (1994); <u>La Reunion Francaise SA v. Barnes</u>, 247 F.3d 1022, 1026 (9th Cir. 2001).  "A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." <u>Gould Electronics Inc. v. U.S.</u>, 220 F.3d 169, 176 (3rd Cir. 2000).   Defendant makes a factual attack on the existence of subject matter jurisdiction.   While a factual attack usually

prevents the court from presuming the truthfulness of the plaintiff's complaint allegations, the court here accepts the plaintiff's allegations as true, because the motion is resolved on declarations alone without an evidentiary hearing. <u>McLachlan v. Bell</u>, 261 F.3d 908, 909 (9th Cir. 2001).

### III. <u>DISCUSSION</u>

Defendant moves to dismiss plaintiffs' complaint for lack of subject matter jurisdiction arguing that: 1) plaintiffs' claims are moot, because the agency withdrew the WSTS project decision - the court cannot grant any effectual relief; 2) no exceptions to the mootness doctrine apply; 3) the case is not ripe for review as there is no final agency action - delay will not cause undue hardship and judicial intervention is inappropriate at this time. In response, plaintiffs argue that: 1) their challenge is not moot, because the BLM has not rescinded its 2002 and 2003 ASR decisions; 2) the court can grant effective relief by declaring that the BLM's failure to analyze the site specific impacts of the WSTS and reliance on the  2002 and 2003 ASR decisions violates NEPA and FLPMA and that the BLM's failure to implement the 2001 ROD S&M Guidelines violates FLPMA and issuing a permanent injunction; 3) the court should follow Judge Haggerty's opinion in <u>League of Wilderness Defenders v. Marquis-Brong</u>, 259 F.Supp.2d 1115 (D.Or. 2003); 4) the voluntary cessation of the WSTS decision does not deprive the court of jurisdiction - defendant failed to show that it is

absolutely clear the wrongful behavior is not expected to occur in the future - the court should follow the ruling in <u>Bighorn Forest Users Coalition, Inc. v. Thompson</u>, 170 F.Supp.2d 1091 (D.Colo. 2001) - the Ninth Circuit has yet to issue a mandate in the <u>Boody</u> case; 5) Judge Papak's decision is distinguishable from this case; 6) the capable of repetition, but evading review exception applies, as the duration of the WSTS project is too short for the court to complete judicial review and the BLM's illegal practices are capable of repetition; 7) if the court finds the case moot, the court should order the BLM to rescind the 2002 and 2003 ASR decisions, comply with the 2001 ROD S&M Guidelines, and comply with NEPA and FLPMA; 8) under the APA, Department of Interior regulations, Ninth Circuit and Supreme Court precedent there is final agency action subject to review; 9) this case is ripe for review as the issued raised are primarily legal, they do not require further factual development, the challenged action is final, and plaintiffs will suffer significant harm and hardship if the court withholds consideration; and 10) the cases relied upon by defendant are distinguishable.  In reply, defendants argue that: 1) there is no final agency action, because there is no longer a decision authorizing the WSTS and the BLM's decision-making process is not yet complete; 2) the case is not ripe, because the finality requirement is not met, delayed judicial review will not harm plaintiffs, and judicial intervention is inappropriate at this

ORDER - 7

time; 3) the court should follow the previous opinions in Calahan v. BLM, 03-3042-CO (D. Or. August 5, 2003) and Klamath Siskiyou Wildlands Ctr. v. BLM, 04-1522-CO (D. Or. July 12, 2005), in which the cases were dismissed on ripeness grounds; 4) plaintiffs are barred by res judicata from bringing the same ASR claims against the BLM in this suit as those issue were already addressed by the Ninth Circuit in Boody; 5) plaintiffs' claims are moot, because the court cannot provide effective relief, the voluntary cessation exception in inapplicable, future decision-making regarding the S&M program does not demonstrate the challenged action will recur, and the capable of repetition yet evading review exception does not apply; 6) the court should follow Judge Papak's decision in LOWDBMBP; and 7) the court should deny plaintiffs' request to issue findings as findings would constitute an impermissible advisory opinion.

**Ripeness/Final Agency Action**

If a claim is not ripe for review, the court lacks subject matter jurisdiction to hear it.  Shelter Creek Dev. Corp. v. City of Oxnard, 838 F.2d 375, 377 (9th Cir.), cert. denied, 488 U.S. 857 (1988).  The purpose of the ripeness doctrine is to avoid premature judicial review of administrative action, because an injury is speculative and may never occur.  Hawaii County Green Party v. Clinton, 124 F.Supp.2d 1173, 1194 (D. Hawaii 2000).  The ripeness doctrine prevents "the courts, through avoidance of premature adjudication, from entangling

ORDER - 8

themselves in abstract disagreements over administrative polices, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbot Laboratories v. Gardner, 387 U.S. 136, 148- 149 (1967). Ripeness is "peculiarly a question of timing," therefore, the court looks "at the facts as they exist today" when evaluating whether the controversy is sufficiently concrete to warrant intervention. Assiniboine & Sioux Tribes of Fort Peck Indian Reservation v. Bd. of Oil and Gas Conservation of the State of Montana, 792 F.2d 782, 788 (9th Cir. 1986).

A claim is considered ripe when the issues are fit for judicial review and a party will suffer undue hardship if the court withholds consideration. Abbot Laboratories, 387 U.S. at 149. "A claim is fit for decision if the issues are primarily legal, do not require further factual development, and the challenge action is final." Exxon Corp. v. Heinze, 32 F.3d 1399, 1404 (9th Cir. 1994)(citations omitted).

Fitness is a measure of the interest of the court and the agency in postponing review, and hardship is the measure of the challengers countervailing interest in securing immediate judicial review. Blackfeet National Bank v. Rubin, 890 F.Supp. 48, 52-53 (D.D.C.), affirmed, 67 F.3d 972 (D.C.Cir. 1995). If the interest of the court and the agency in postponing review outweighs the interest of the challengers seeking relief, or if

ORDER - 9

deferring consideration might eliminate the need for review, then principles of ripeness dictate the postponement of judicial review. Id. at 53 (citation omitted).

In determining the fitness for judicial review, the court considers four factors: 1) whether the issues in the case are purely legal; 2) whether the agency action involved is a final agency action within the meaning of the APA; 3) whether the action has or will have a direct and immediate impact upon the plaintiff; and 4) whether the resolution of the issue will promote effective enforcement and administration by the agency. Id. at 53-54 (citation omitted).

In determining whether an agency action is final, the court should consider: 1) whether the agency's position is definitive; 2) if the agency's actions affect the plaintiff's day-to-day activities; 3) whether judicial relief is likely to interfere with the proper functioning of the agency and would be a burden to the courts; 4) whether judicial intervention would deny the agency an opportunity to correct its own mistakes and to apply its expertise; and 5) whether judicial intervention would lead to piecemeal review which is inefficient and possibly unnecessary. F. T. C. v. Standard Oil Co. of California, 449 U.S. 232, 239-242 (1980).

In deciding whether an agency decision is ripe for review, the court considers: 1) whether delayed review would cause hardship to the plaintiffs; 2) whether judicial intervention

would inappropriately interfere with further administrative action; and 3) whether the courts would benefit from further factual development of the issues presented. <u>Ohio Forestry Ass'n, Inc. v. Sierra Club</u>, 523 U.S. 726, 733 (1998). Under the hardship prong, it must be shown that withholding judicial review would result in a direct and immediate hardship and would entail more than possible financial loss. <u>Abbot Laboratories</u>, 387 U.S. at 152.

Based on the above factors, the court finds that plaintiffs' claims are not fit or ripe for review, and the agency action being challenged is not final. Plaintiffs have not demonstrated that they will suffer any undue hardship if the court withholds consideration. The issues in this case are not purely legal, but are a mixture of factual and legal issues. The agency action in this case is not final as it has been withdrawn. The BLM issued a letter vacating its previous decision denying plaintiffs' administrative protest and granting plaintiffs' protest on the WSTS. The BLM has withdrawn its Decision and FONSI for the WSTS. The BLM's position on whether to offer this sale is not definitive. The BLM is still in the process of doing additional analysis of the environmental effects of the proposed sale, and is reconsidering the WSTS in light of present information and resource conditions. The BLM's actions do not have any affect the plaintiffs' day-to-day activities; the timber is not being cut.

ORDER - 11

Judicial intervention at this stage would interfere with the BLM's functioning by denying them the opportunity to correct any mistakes in the environmental analysis of the area in question and to apply their expertise in deciding whether to offer the sale. Judicial intervention at this stage would burden the courts with unnecessary lawsuits and could result in piecemeal review of any actual timber sales that do take place and involve this same area.

In this case, withholding court consideration will not cause any undue hardship to the plaintiffs. Plaintiffs claims are contingent upon future events; the BLM may or may not proceed with the WSTS. The WSTS was withdrawn and the BLM has not decided whether it will offer the timber for sale again or not. If the BLM decides to offer the timber for sale again, the plaintiffs will be able to challenge the sale and any under lying environmental documents. If the BLM decides not to offer the sale again there will be no further litigation on the WSTS.

The court would also benefit from further factual development of the administrative record if the BLM does decide to offer this sale again. The BLM is in the process of conducting further environmental analysis which would be helpful in reviewing any future project. It remains unknown what final action will be recommended by the agency, thus, review at this point would require the court to resolve abstract questions. See Friends of Potter Marsh v. Peters, 371 F.Supp.2d 1115, 1125

ORDER - 12

(D. Alaska 2005).  Further, forcing the BLM to continue in litigation as well as prepare the supplemental environmental analysis and documents would "divert BLM's energies from other projects throughout the country that are in fact more pressing ... and would ultimately operate to the detriment of sound environmental management."  Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 71-72 (2004).

Plaintiffs' claims are not ripe for review.  Therefore, the court lacks subject matter jurisdiction over plaintiffs' claims.

**Mootness**

In the alternative, the court finds that plaintiffs' claims are moot.  The defendant has a heavy burden to demonstrate mootness. Los Angeles County v. Davis, 440 U.S. 625 (1979).  An action is moot where the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. Northwest Environmental Defense Center v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988)(quotation and citations omitted).  "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Id. (citation omitted).  As long as effective relief may still be available, the controversy remains live and present. Id. at 1245.  The court does not have jurisdiction over a claim to which no relief can be granted. Headwaters, Inc. v. Bureau of Land Management, Medford Dist., 893 F.2d 1012, 1015 (9th Cir. 1990)(citation omitted).

Plaintiffs seek a declaration that the BLM's decision to proceed with the WSTS is arbitrary, capricious, an abuse of discretion, and not in accordance with law and the WSTS violates the Medford RMP and the NWFP.  Plaintiffs as seek an injunction enjoining the BLM from proceeding with the WSTS until the BLM demonstrates compliance with various laws.  The court cannot grant plaintiffs any effective relief as the WSTS decision has been withdrawn and the ASRs have been held invalid.  League of Wilderness Defenders-Blue Mountains Biodiversity Project (LOWDBMBP) v. Smith, 2006 WL 3692535 at *3-4 (D.Or.); See Colorado Off Highway Vehicle Coalition v. U.S. Forest Service, 357 F.3d 1130, 1133-1134 (10th Cir. 2004)(claim based upon failure to comply with provisions of Forest Plan rendered moot by issuance of new Forest Plan); See also Utah Animal Rights Coalition v. Salt Lake City Corp., 371 F.3d 1248, 1256-1257 (10th Cir. 2004)(facial challenge to ordinance rendered moot when amendment to ordinance cured defect); See also Foster v. Carson, 347 F.3d 742, 746 (9th Cir. 2003)(claim challenging state budget reduction plan moot when plan expired); See also Gulf of Maine Fishermen's Alliance v. Daley, 292 F.3d 84, 88 (1st Cir. 2002)(claim based on regulations moot with the promulgation of new regulations).

This case is distinguishable from Judge Haggerty's opinion in League of Wilderness Defenders, as the BLM has taken no action on the ground and plaintiffs have suffered no injury.

LOWDBMBP, 2006 WL 3692535 at *3-4.  The plaintiffs in this case raise the same two exceptions to the mootness doctrine, capable of repetition yet evading review and voluntary cessation, that were raised in LOWDBMBP.  This court agrees with Judge Papak's reasoning and finds it directly on point in this case. LOWDBMBP, 2006 WL 3692535 at *3-4.

The capable of repetition yet evading review "exception applies where (1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it again."  LOWDBMBP, 2006 WL 3692535 at *3 (citation and quotations omitted).  As in LOWDBMBP, the first prong of this test is unavailing to the plaintiffs.  This case was fully briefed on the merits and a Findings and Recommendation was issued before mootness became an issue.  Id. As to the second prong, this court agrees with Judge Papak that it would be premature and unreasonable to assume that the BLM would repeat the alleged defects in the development of an new project.  Id.  In addition, the BLM cannot apply the ASRs to any new project as the Ninth Circuit has found the ASRs invalid. Boody, 468 F.3d at 562.  Based on the above analysis, the first exception to the mootness doctrine does not apply to this case. LOWDBMBP, 2006 WL 3692535 at *3.

The voluntary cessation exception applies where "despite the apparent demise of the controversy, its resolution has a

reasonable chance of affecting the parties' future relations." Id. at *4 (citation and quotations omitted).  The burden is on the defendant to demonstrate there is no reasonable expectation that the allegedly wrongful behavior will recur.  Id.  A party may meet this burden by demonstrating that "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Id. (citations and quotations omitted). In this case, the BLM has meet this burden as the Ninth Circuit's decision in Boody, holding the ASRs invalid, prevents the BLM from applying the ASRs to any future projects.  In addition, any effects of the WSTS have ended as the project was withdrawn, and if the BLM decides to authorize a new project, it will have to acquire new data, make new decisions including issuing new notices, provide for public comment, and issue a new decision that must comply with all the applicable laws.  The court finds that Friends of the Earth, Inc. v. Laidlaw, 528 U.S 167, 189 (2000) and League of Wilderness Defenders v. Marquis-Brong, 259 F.Supp.2d 1115 (D.Or. 2003) are distinguishable from this case as in both those cases the defendant "had committed on-the-ground activities that were then the subject of each court's scrutiny in determining whether those activities were likely to recur".  LOWDBMBP, 2006 WL 3692535 at *5.  In this case, the relief that plaintiffs seek "is premised on review of an administrative record and a possibility of injury that has been abnegated by the [BLM's] withdrawal of the [WSTS decision].

ORDER - 16

<u>Id</u>.  The second exception to the mootness doctrine also does not apply. <u>LOWDBMBP</u>, 2006 WL 3692535 at *4-5.  Based upon the above analysis, the court finds that the BLM's withdrawal of the WSTS decision renders this case moot.

<strong>III.  <u>ORDER</u></strong>

Based on the foregoing, it is ordered that plaintiffs' motion for summary judgment (#20) and defendant's cross motion for summary judgment (#29) are denied as moot, defendants' motion to dismiss (#51) is granted, and this case is dismissed.

DATED this ___16___ day of March, 2007.


_____/s/_____

UNITED STATES DISTRICT COURT JUDGE

ORDER - 17