FILED'08 FEB 07 14:21 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KLAMATH SISKIYOU WILDLANDS      )
CENTER, et al.,                 )
                                )
          Petitioner,           )      No. CV 05-3094-CL
                                )
               v.               )
                                )      **OPINION AND ORDER**
BUREAU OF LAND MANAGEMENT,       )
                                )
          Respondent.           )
_____ )

**PANNER, J.**

On November 27, 2007, Magistrate Judge Clarke filed his

Report and Recommendation (R&R), which recommends granting

Plaintiffs' petition for attorney fees under the Equal Access to

Justice Act, 28 U.S.C. § 2412 ("EAJA"). Both sides have timely

filed objections. Plaintiffs have filed supplemental timesheets,

covering hours incurred in litigating this fee petition.

Including the supplemental timesheets, Plaintiffs are seeking an

award of $57,173.00 in attorney fees, and $309.62 in costs. The

matter is now before me for de novo review pursuant to 28 U.S.C.

§ 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

## Discussion

I previously ruled the court has subject matter jurisdiction

over the fee petition, and that Plaintiffs are "prevailing

parties."  It is undisputed that Plaintiffs meet the basic
statutory requirements (such as net worth or charitable status)
to be eligible to apply for fees under EAJA, <u>see</u> 28 U.S.C.
§ 2412(d)(2)(B) (defining "party"), and that the application is
timely.  § 2412(d)(1)(B).  A few issues remain.

**Substantial Justification:**  The R&R concludes the position
of the United States was not "substantially justified" for
purposes of § 2412(d)(1)(A).  The Magistrate Judge's discussion
of this issue is well-reasoned.  Defendant's objection is
overruled.  Plaintiffs are entitled to recover reasonable
attorney fees and costs.

**Hourly Rate:**  Defendant argues the hourly rate should be
limited to $125 an hour, plus a cost of living adjustment.
Magistrate Judge Clarke stated sufficient reasons for allowing a
higher rate in this instance.  I will make one modification, and
compensate Ms. Dugan at $225 (rather than $250) per hour.  I
decline Defendant's invitation to reduce Ms. Madden's rate
commensurately.  The number of years an attorney has practiced is
merely one consideration in determining a fair hourly rate for an
attorney in a particular case and market.

**Partial Success:**  Plaintiffs prevailed only on some claims.
Consequently, the R&R concludes, they achieved only partial
success.  The R&R recommends halving the fee award for hours
incurred before November 6, 2006, while awarding full
compensation for hours incurred from that date forward.

Plaintiffs are correct that the court did not rule against
them on any claim.  Instead, the claims on which Plaintiffs

failed to prevail were dismissed as moot, once the government
agreed to provide much of the relief Plaintiffs had sought in
this action.

Plaintiffs had alleged a variety of legal theories and
defects.  In addition to red tree voles and Annual Species Review
process--on which Plaintiffs prevailed--they contested the range
of project alternatives considered, and matters regarding Elk
Management Areas.  That Plaintiffs prevailed on one legal theory,
alleging one particular defect, doesn't mean Plaintiffs
necessarily would have prevailed on their other claims and
theories.  Considerable time was devoted to issues common to all
claims, but considerable effort also was devoted to arguments
never adjudicated.

Under the circumstances, the Magistrate Judge was not
compelled to reduce the fee award on the basis of "partial
success," but neither was such an adjustment prohibited.  The
trial court has considerable leeway to decide what compensation
is reasonable for the services performed.  I also have taken into
consideration the total amount of fees awarded, and whether it is
reasonable given the services performed and results achieved.
Plaintiffs' objection is overruled.

**Motion to Dismiss and Related F&R:**  The R&R states, "The
court will award plaintiff all their fees after November 6, 2006,
as they relate to objections to the Findings and Recommendation,
the motion to dismiss, and the motion for costs and fees."
Defendant objects to the award of fees in connection with the
first two enumerated items.  Defendant objects not only to the

time that counsel devoted to briefing those matters, but even to
compensating Plaintiffs' counsel for the time spent reading my
17-page opinion.

The Findings & Recommendation, dated November 7, 2006 ("2006
F&R"), recommended granting summary judgment for Plaintiff on
portions of three claims, and dismissing the remaining claims as
moot.  Defendant objected to the 2006 F&R, asserting the entire
matter should be dismissed as moot because the government--faced
with imminent defeat--had now agreed to provide nearly all of the
relief sought by Plaintiffs.  Contemporaneous with the
objections, Defendant filed a motion to dismiss.  Plaintiffs
opposed dismissal.  Plaintiffs urged the court to enter judgment
for Plaintiffs on the claims the government had now conceded, and
adjudicate the remaining claims.

I overruled the 2006 F&R, and granted the government's
motion to dismiss.  With the benefit of hindsight, adopting the
Magistrate Judge's 2006 F&R might have been the wiser path,
avoiding the dispute over subject matter jurisdiction that
followed.  In any event, Magistrate Judge Clarke has now
concluded that Plaintiffs are entitled to recover the fees they
incurred in connection with the 2006 F&R and motion to dismiss,
including time spent briefing the matter and reading this court's
decision.  I adopt that recommendation.

**Computational Errors:**  As sometimes happens with fee
petitions, the R&R contains a few computational errors.  The sums
stated on pages 16-18 actually total $26,235, not $20,355 as
stated in the conclusion section.  3.2 hours requested by Madden

were mistakenly included in the $190/hour column, instead of the
$175/hour column.  The R&R states it is awarding Plaintiffs fees
incurred in connection with the 2006 F&R and motion to dismiss,
but inadvertently omitted those sums from the final computation.

**Supplemental Fee Request**:  The R&R properly concludes that
Plaintiffs are entitled to recover reasonable fees incurred in
litigating this fee petition.  Commissioner, Immigration and
Naturalization Service v. Jean, 496 U.S. 154 (1990).  Some hours
were incurred after the original fee petition was submitted, and
are not addressed in the R&R.  Plaintiffs have submitted, and I
have considered, timesheets documenting those additional hours.
The government has litigated the fee issue every inch of the way,
forcing Plaintiffs to expend considerable time in response.  I am
deducting three hours from the award, as some of Plaintiffs'
objections to the current R&R were unavailing.  The reduction is
not greater only because some objections were well taken, and
additional time was spent responding to Defendant's objections.

**Miscellaneous Objections:**  Defendant objects to compensating
Plaintiffs' counsel for 0.25 hours (15 minutes) for participating
in a telephone conference with the court.  Defendant argues it
was not necessary for both of Plaintiffs' attorneys to
participate.  I do not condone overstaffing, but it was an
important conference and a comparatively small sum of time.[1]

---

[1] Everybody's time is wasted if the court sets a hearing or
trial date, only to belatedly learn an absent co-counsel has a
scheduling conflict.  Sometimes it is more efficient for both
attorneys to participate in a telephone conference, while other
times it is unnecessary.  Attorneys must use their good judgment.

Defendant argues Judge Clarke should have disallowed certain hours in their entirety, because of alleged "block billing." That objection is overruled.  Block billing occurred only in a few instances, and did not interfere with the court's ability to fully discharge its review function.  Disallowing those hours, in this instance, would be an unwarranted windfall for Defendant.

Defendant objects to .02 hours (1 minute) that Plaintiffs' counsel billed for responding to a telephone call from Magistrate Judge Cooney's courtroom deputy.  Answering a call from the court's staff is a necessary expenditure.

**Costs:**  Defendant does not contest the award of costs.

### Summary of Fees and Costs Awarded

| Attorney | Hours | Rate | Amount | Description |
|---|---|---|---|---|
| Madden | 35.2 | $175 | $ 6,160.00 | Through 12/27/05 (after 50% reduction of hours for partial success) |
| Madden | 41.85 | $190 | $ 7,951.50 | From 12/29/05 through 11/05/06 (after 50% reduction  for partial success) |
| Madden | 63.0 | $190 | $11,970.00 | From 11/6/06 through 12/31/06 |
| Madden | 53.2 | $205 | $10,906.00 | Hours incurred during 2007 (less adjustment regarding certain objections) |
| **subtotal** | | | $36,987.50 | Madden |
| Dugan | 2.25 | $225 | $    506.25 | Prior to 11/6/06 (after 50% reduction) |
| Dugan | 17.02 | $225 | $ 3,829.50 | From 11/6/06 to present |
| **subtotal** | | | $ 4,335.75 | Dugan |
| **Total Fees** | | | $41,323.25 | Total fees awarded |
| **Costs** | | | $    309.62 | Total costs awarded |

## Conclusion

The Report and Recommendation (docket # 98) are adopted, with the adjustments made above. Plaintiffs' motion (# 77) for an award of attorney fees and costs is granted. Plaintiff is awarded $ 41,323.25 in attorney fees and $309.62 in costs.

IT IS SO ORDERED.

DATED this _____1_____ day of February, 2008.

OWEN M. PANNER
U.S. DISTRICT JUDGE